FILED by _KML_ D.C.
INTAKE

**DEC 0 9 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO **09-23670**

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

**CIV-KING**   MAGISTRATE JUDGE BANDSTRA

Plaintiff,

v.

**(Jury Trial Demanded)**

CELLNET 7, INC., a Florida corporation;
NATALIA SIERRA, individually; and,
IHOSVANY DIAZ, individually,

Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), a Delaware corporation, sues Defendants, CELLNET 7, INC. ("CellNet 7"), a Florida corporation; NATALIA SIERRA, ("Sierra"), individually; and, IHOSVANY DIAZ ("Diaz"), individually (collectively "Defendants"), and states:

1.     This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and injunctive relief arising out of Defendants' unlawful business enterprise that willfully infringes on TracFone's incontestable federal trademarks, copyrights and other rights related to TracFone's prepaid wireless service—which is marketed and sold under the TracFone, Net10, SafeLink and Straight Talk brands—and the wireless telephones that are specially manufactured for TracFone to be used with its wireless service marketed and sold under the one of TracFone, NET10, SafeLink or Straight Talk brands ("TracFone Prepaid Phones" or "Phones").

16024366.1

**SCANNED**

2.      As set forth in greater detail below, Defendants are engaged in unlawful business practices involving the unauthorized and unlawful bulk purchase and resale of TracFone Prepaid Phones, unauthorized and unlawful computer unlocking or reflashing of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software installed in the Phones, trafficking of the Phones for profit, and for other violations of Federal statutory law.

## PARTIES

3.      TracFone is a Delaware corporation that maintains its principal place of business in Miami-Dade County, Florida.

4.      Defendant Sierra is an individual, who upon information and belief, is a resident of Florida and who conducts business transactions in the Southern District of Florida as alleged herein.

5.      Defendant Diaz is an individual, who upon information and belief, is a resident of Florida and who conducts business transactions in the Southern District of Florida as alleged herein.

6.      Defendant CellNet 7 is a Florida corporation with its principal place of at 2160 Northwest 82nd Avenue, Doral, Florida  33122.  CellNet 7 is owned and operated by Defendants Sierra and Diaz.

7.      Defendants have engaged in substantial and not isolated activities in Florida including, *inter alia*, transacting a substantial amount of business and engaging in illicit conduct in Florida, and within this District as alleged herein.

8.      Defendants' business activities in Florida includes, but is not limited to, contracting for, and engaging in, the bulk sale, purchase, and/or delivery of thousands of dollars worth of TracFone Prepaid Phones.

9.     All conditions precedent to filing this action have been performed, waived or excused.

10.     TracFone has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## JURISDICTION

11.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§1331, 1338, and 17 U.S.C. §1203 because TracFone's claims for violations of the United States Trademark Act, Title 15 of the United States Code, and United States Copyright Act, Title 17 of the United States Code, arise under federal law.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

12.     Defendants reside in Florida and have engaged in systematic and ongoing business activities in the Florida with citizens of Florida, and within this District.  Defendants' business activities in Florida have included contracting for, and engaging in the bulk sale, purchase, and/or delivery of thousands of TracFone Prepaid Phones.

13.     Defendants' business activities in Florida and within this District include at least 47 transactions with Miranda Holdings Corp., a Florida Corporation, d/b/a Incomtel ("Incomtel") against whom TracFone obtained a Final Judgment and Permanent Injunction from this Court against Incomtel based upon factual and legal claims substantively similar to those raised herein. (True and accurate copies of the above referenced Final Judgment and Permanent Injunction is included in **Composite Exhibit D).**  Defendants' transactions with Incomtel involved the bulk resale of at least 115,695 TracFone Prepaid Phones

14.    Defendants' actions have caused substantial damage to TracFone within this District.   TracFone is already aware of substantial illicit transactions engaged in by the Defendants within this District and expects to uncover evidence of many additional transactions through the discovery process in this action.

## VENUE

15.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b), and 28 U.S.C. §1400, because Defendants' reside within the District; the events or omissions giving rise to the claim occurred in this District; the impact of Defendants' misconduct occurred in this District; and, the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND

16.    This is an action for damages and injunctive relief arising out of Defendants' unlawful business enterprises that willfully infringe on TracFone's incontestable trademarks, copyrights and other rights related to TracFone's prepaid wireless service marketed under the TracFone, NET10, SafeLink and Straight Talk brands ("TracFone's Prepaid Wireless Service,") and TracFone specially manufactured wireless telephones offered for sale in connection with service under one of the TracFone, NET10, SafeLink or Straight Talk brands designed for use exclusively in the United States, Puerto Rico, and U.S. Virgin Islands with TracFone's Prepaid Wireless Service.

17.    As set forth in greater detail below, Defendants purchased and/or sold at 115,695 TracFone Prepaid Phones.  As a result, Defendants were engaged in unlawful business practices including the unauthorized and unlawful bulk purchase and resale of TracFone Prepaid Phones, the unauthorized and unlawful computer unlocking or reflashing of TracFone Prepaid Phones, the alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and the trafficking of the Phones for profit (the "Bulk Resale Scheme").

18.    Defendants and/or their co-conspirators perpetrate their Bulk Resale Scheme by, among other things, acquiring bulk quantities of TracFone Prepaid Phones from internet sites and retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others ("Runners") to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants.

19.    Defendants and/or their co-conspirators then remove the TracFone Prepaid Phones' original packaging and ship them overseas.

20.    Defendants and/or their co-conspirators acquire the TracFone Prepaid Phones with the knowledge and intent that the Phones will not be activated for use on the TracFone Prepaid wireless networks. Instead, the Phones are computer-hacked.

21.    The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's Prepaid Wireless Service.

22.    The reflashed Phones are then trafficked and resold, at a premium, as new, under TracFone's trademarks.

23.    Defendants are not, and have never been, authorized retailers or distributors of TracFone Prepaid Phones.

24.    In an effort to prevent these unlawful business practices, TracFone retailers have implemented policies limiting the number of TracFone Prepaid Phones an individual may purchase on a daily basis.

25.    Defendants hire Runners and take other steps to circumvent these sales limitation policies in perpetrating their Bulk Resale Scheme.

26.     Defendants' conduct, together with that of currently unknown civil and criminal co-conspirators, is causing TracFone to suffer millions of dollars in losses and has caused immediate and irreparable injury to TracFone.

## TRACFONE'S BUSINESS MODEL

27.     TracFone is the largest provider of prepaid wireless telephone service in the United States, and markets its service under the TracFone, NET10, SafeLink and Straight Talk brands.  TracFone's service enables its customers to prepay for their wireless service by purchasing TracFone airtime cards and specially manufactured wireless Phones.  Customers load airtime into their TracFone Prepaid Phones using codes generated from PIN numbers found on the airtime cards, or via TracFone's website.  TracFone Prepaid Phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club.

28.     TracFone is considered a "Mobile Virtual Network Operator" or "MVNO" in the wireless industry.  The company is not a facilities-based wireless provider like AT&T, Verizon, T-Mobile or Sprint/Nextel.  Rather, TracFone contracts with facilities-based wireless providers to purchase airtime on their networks for use by TracFone's customers.

29.     TracFone's business model is based upon TracFone's ability to deliver an affordable product to its consumers.  Therefore, TracFone subsidizes its customers' acquisition of the TracFone Prepaid Phones by selling its Phones for substantially less than the Phones cost TracFone.  TracFone recoups this subsidy through profits earned on the sale of the TracFone prepaid airtime cards that are required to make and receive calls on the TracFone Prepaid Phones.  TracFone is able to offer its Phones at affordable prices only if the Phones are used as intended with the TracFone Prepaid Wireless Service.

30.     Manufacturers that produce wireless phones for TracFone install special proprietary prepaid software, developed, copyrighted, and owned by TracFone ("TracFone Prepaid Software"), into the TracFone Prepaid Phones.  The TracFone Prepaid Software prevents TracFone Prepaid Phones from being used without loading airtime minutes from a TracFone Prepaid airtime card.

## TRACFONE'S FEDERALLY PROTECTED RIGHTS

31.     TracFone is one of the oldest and leading providers of prepaid wireless telecommunications services in the United States.  TracFone has used, and continues to use, trademarks in commerce including the marks TracFone, NET10, SafeLink and Straight Talk.  In particular, TracFone owns and has also used the registered trademarks identified below:

a.     Incontestable United States Trademark Registration No. 2,114,692 for TracFone, used in connection with: (1) electronic communications equipment, namely, cellular telephones, prepaid airtime cellular telephones and cellular telephone accessories, namely, prepaid airtime debit cards, battery chargers, stands, antennae, voice amplifiers and microphones; computer programs for use in controlling and monitoring prepaid airtime cellular telephone service, in International Class 9; (2) providing cellular telephone services and providing monitoring and control services for use in conjunction with prepaid airtime cellular phones and debit cards, in International Class 38; and (3) wholesale distributorship featuring of cellular telephones, prepaid airtime cellular telephones and prepaid airtime debit cards, and software for controlling and monitoring prepaid airtime cellular service, in International Class 42, issued on November 18, 1997 and based on a first use date of June 30, 1996;

b.      United States Trademark Registration No. 3,224,929 for TracFone Nationwide Prepaid Wireless and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, battery chargers, stands, antennae, headset kits comprised of hands free electronic earpiece with microphone and holster, hands free headsets, cases with flaps, power adapters, batteries, carry sleeves, face plates, belt clips, holsters, mounting attachments, in International Class 9, issued on April 3, 2007 and based on a first use date of December 31, 2005;

c.      United States Trademark Registration No. 3,222,623 for TracFone Nationwide Prepaid Wireless and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephone and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on March 27, 2007 and based on a first use date of December 31, 2005;

d.      United States Trademark Registration No. 3,118,250 for NET10, used in connection with: (1) monitoring the use of debit cards, in International Class 36; and (2) providing monitoring and control services for use in conjunction with prepaid air time cellular and mobile phones, in International Class 38, issued on July 18, 2006 and based on a first use date of March 1, 2005;

e.      United States Trademark Registration No. 3,255,754 for NET10 Pay As You Go Made Simple and Design, used in connection with cellular telephone communications services provided via prepaid air time cellular telephones and prepaid air time cellular calling card services, in International Class 38, issued on June 26, 2007 and based on a first use date of December 31, 2005;

    f.    United States Trademark Registration No. 3,253,506 for NET10 Pay As You Go Made Simple and Design, used in connection with electronic communications equipment, namely, cellular telephones; prepaid air time cellular telephones; cellular telephone accessories, namely, telephone battery chargers, telephone battery charger stands, telephone antennae, headset kits comprised of hands free electronic earpiece with microphone and holster specially adapted for cell phones, hands free headsets comprising head-phones and a microphone, cases with flaps specially adapted for cell phones, power adapters, batteries, carry sleeves specially adapted for cell phones, decorative cell phone face plates, belt clips, holsters, and mounting attachments specially adapted for carrying cell phones, in International Class 9, issued on June 19, 2007 and based on a first use date of December 31, 2005;

    g.    United States Trademark Registration No. 3,251,389 for NET10 Pay As You Go Made Simple and Design, used in connection with distributorship services featuring cellular telephones, prepaid air time cellular telephones and prepaid air time debit cards, and software for controlling and monitoring prepaid air time cellular service, in International Class 35, issued on June 12, 2007 and based on a first use date of December 31, 2005; and,

    h.    United States Trademark Registration No. 3,630,321 for SafeLink Wireless and Design, used in connection with cellular telephone communications services; cellular telephone telecommunications services provided via prepaid air time cellular telephones and prepaid air time cellular telephone calling card services, in International Class 38, issued on June 2, 2009 and based on a first use date of September 12, 2008.

    32.    TracFone's aforementioned marks (the "Federal Trademark Registrations") constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's products, services, sales, promotion and advertising thereof, the marks have become an intrinsic and essential part of the valuable goodwill and property of

TracFone, and are well known and established to customers and the trade as symbols identifying and distinguishing TracFone's products and services, and signifying distinctive services of exceptional quality. True and correct copies of the certificates of registration issued by the United States Patent and Trademark Office for the Marks are attached as **Composite Exhibit A**.

33. On or before May 29, 2009, TracFone has used the mark Straight Talk and Straight Talk and Design (the "Straight Talk Marks") in connection with cellular telephone communications services and electronic communications equipment.

34. The Straight Talk Marks constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's products, services, sales, promotion and advertising thereof, the marks have become an intrinsic and essential part of the valuable goodwill and property of TracFone, and is well known and established to customers and the trade as symbols identifying and distinguishing TracFone's products and services, and signifying distinctive services of exceptional quality. True and correct copies of the Straight Talk Marks are attached as **Exhibit B**. The Straight Talk Marks and Federal Trademark Registrations will collectively be referred to as the "Marks."

35. TracFone owns a valid copyright registration, TX 6-515-894, on the TracFone Prepaid Software. A true and correct copy of the certificate of registration is attached as **Exhibit C**.

### TERMS AND CONDITIONS REGARDING THE USE OF TRACFONE PREPAID PHONES

36. TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. They are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

37.     The retail packaging in which new TracFone Prepaid Phones are sold contains the

following language that is conspicuously printed in all capital letters in a red banner on the

outside of the package:

> THIS TRACFONE HANDSET IS SOLD EXCLUSIVELY FOR
> USE WITH TRACFONE PREPAID WIRELESS SERVICE.
> YOU AGREE NOT TO TAMPER WITH OR ALTER THE
> SOFTWARE OR HARDWARE IN THIS PHONE, OR ASSIST
> OTHERS IN SUCH ACTS, OR TO EXPORT TRACFONE
> HANDSETS OUTSIDE OF THE UNITED STATES.   THESE
> ACTS VIOLATE TRACFONE'S RIGHTS AND COULD
> VIOLATE STATE AND FEDERAL LAWS. TRACFONE WILL
> PROSECUTE VIOLATORS TO THE FULL EXTENT OF THE
> LAW.   BY PURCHASING OR OPENING THIS PACKAGE,
> YOU ARE AGREEING TO THESE TERMS AND THE TERMS
> AND CONDITIONS OF SERVICE IN THE ENCLOSED USER
> GUIDE (AND AVAILABLE AT WWW.TRACFONE.COM).

38.     NET10 handsets have similar language on the packaging, also on a red

background in bold letters, as follows:

> **This NET10 handset is sold exclusively for use with NET10
> prepaid wireless service.   By purchasing or opening this
> package, you are agreeing to these terms and the terms and
> conditions of service enclosed (and available at
> www.net10.com).   You agree not to tamper with or alter the
> software or hardware in this phone, or assist others in such
> acts, or to export NET10 handsets outside of the United States.
> These acts violate TracFone's rights and could violate state
> and federal laws.   TracFone will prosecute violators to the full
> extent of the law.**

39.     Packaging for the SafeLink and Straight Talk handsets have similar conspicuous

notifications that inform purchasers that they are bound by the Terms and Conditions.

40.     The Terms and Conditions included in the TracFone handset packaging also

provide, in pertinent part, as follows:

**UNAUTHORIZED USAGE; TAMPERING.**
The TRACFONE handset is sold exclusively for use by you, the end consumer, with the TRACFONE prepaid wireless Service available solely in the United States, Puerto Rico and the U.S. Virgin Islands. Any other use of your TRACFONE handset, including without limitation, any resale, unlocking and/or reflashing of the handset is unauthorized and constitutes a violation of your agreement with TracFone Wireless. You agree not to unlock, reflash, tamper with or alter your TRACFONE or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your TRACFONE or the Service, or assist others in such acts, or to sell and/or export TRACFONE handsets outside of the United States. These acts violate TracFone's rights and state and federal laws. Improper, illegal or unauthorized use of your TRACFONE is a violation of this agreement and may result in immediate discontinuation of Service and legal action. TRACFONE will prosecute violators to the full extent of the law. You agree that any violation of this agreement through your improper, illegal or unauthorized use or sale of your TRACFONE shall entitle TracFone Wireless to recover liquidated damages from you in an amount not less than $5,000 per TRACFONE handset purchased, sold, acquired or used in violation of this agreement.

41.     Similarly, the Terms and Conditions that are included in the packaging for the NET10 handsets provide, in pertinent part, as follows:

**UNAUTHORIZED USAGE; TAMPERING.**
The NET10 handset is sold exclusively for use by you, the end consumer, with the NET10 Prepaid Wireless Service available solely in the United States, Puerto Rick and the U.S. Virgin Islands. Any other use of your NET10 handset, including without limitation, any resale, unlocking and/or reflashing of the handset is unauthorized and constitutes a violation of your agreement with NET10. You agree not to unlock, reflash, tamper with or alter your NET10 or its software, enter unauthorized PIN numbers, engage in any other unauthorized or illegal use of your NET10 or the Service, or assist others in such acts, or to sell and/or export NET10 handsets outside of the United States. These acts violate NET10's rights and state and federal laws. Improper, illegal or unauthorized use of your NET10 phone is a violation of this agreement and may result in immediate discontinuation of Service and legal action. NET10 will prosecute violators to the full extent of the law. You agree that any violation of this agreement through your improper, illegal or unauthorized use or sale of your NET10 phone shall entitle NET10 to recover liquidated damages from you in the amount of not less than $5,000 per NET10 handset purchased, sold, acquired or used in violation of this agreement.

42.     The Terms and Conditions that are included in the packaging with all

SafeLink handsets provide, in pertinent part:

> **UNAUTHORIZED USAGE; TAMPERING.** The SAFELINK
> WIRELESS handset is provided exclusively for use by you, the
> end consumer with the SAFELINK WIRELESS Service available
> solely in the United States, Puerto Rico and the U.S. Virgin
> Islands. Any other use of your SAFELINK WIRELESS handset,
> including without limitation, any resale, unlocking and/or re-
> flashing of the handset is unauthorized and constitutes a violation
> of your agreement with TracFone Wireless. You agree not to
> unlock, re-flash, tamper with or alter your SAFELINK WIRELESS
> phone or its software, enter unauthorized PIN, engage in any other
> unauthorized or illegal use of your SAFELINK WIRELESS phone
> or the Service, or assist others in such acts, or to sell and/or export
> SAFELINK WIRELESS handsets outside of the United States.
> These acts violate TracFone Wireless™ rights and state and federal
> laws. Improper, illegal or unauthorized use of your SAFELINK
> WIRELESS phone is a violation of this agreement and may result
> in immediate discontinuance of Services and legal action.
> TracFone Wireless will prosecute violators to the full extent of the
> law. You agree that any violation of this agreement through your
> improper, illegal or unauthorized use or sale of your SAFELINK
> WIRELESS phone shall entitle TracFone Wireless to recover
> liquidated damages from you in an amount of not less than $5,000
> per SAFELINK WIRELESS handset purchased, sold, acquired or
> used in violation of this agreement.

45.     The Terms and Conditions that are included in the packaging with all Straight

Talk handsets provide, in pertinent part:

> **UNAUTHORIZED USAGE:**  The Straight Talk phone is sold
> exclusively for use with the Straight Talk Service.  You agree not
> to tamper with or alter your Straight Talk phone or its software,
> enter unauthorized Service Card PIN, engage in any other
> unauthorized or illegal use of your Straight Talk phone or the
> Service, or assist others in such acts, or export Straight Talk
> phones outside of the United States.   Improper, illegal or
> unauthorized use of your Straight Talk phone may result in
> immediate discontinuance of Service. These acts violate Straight
> Talk's rights and could violate state and federal laws. Straight Talk
> will prosecute violators to the full extent of the law.

46.     The restrictions and limitations in the Terms and Conditions and on the packaging are intended to restrict the use of TracFone Prepaid Phones solely to TracFone Prepaid Wireless Service.

47.     TracFone Prepaid Phones may access TracFone Prepaid Wireless Service only within the United States, the U.S. Virgin Islands and Puerto Rico (the "Coverage Area").

48.     TracFone Prepaid Phones cannot access any wireless network outside of the Coverage Area unless the TracFone Prepaid Software is unlawfully removed or altered.

DEFENDANTS' MISCONDUCT

49.     TracFone has discovered that, although large quantities of its Phones are being purchased at retailers throughout the United States, a significant number of these Phones are not being activated for use on the TracFone Prepaid Wireless System.

50.     Instead, entities and individuals such as Defendants are purchasing and selling TracFone Prepaid Phones in bulk quantities for use outside of the TracFone Prepaid Wireless Service and Coverage Area.  The Phones are removed from their original packaging, shipped overseas, and "unlocked" or "reflashed."  Defendants' actions are not for the sole purpose of lawfully connecting to a wireless telephone communication network.

51.     The process of unlocking or reflashing TracFone Prepaid Phones involves circumventing the electronic protections installed in the handset, and then erasing, removing and/or disabling the TracFone Prepaid Software.

52.     Once a TracFone Prepaid Phone has been unlocked or reflashed, it is no longer operable on TracFone Prepaid Wireless Service, and could be further modified so as to become operable on other cellular networks.  Once this occurs, TracFone no longer has a revenue source to recoup the invested subsidy on that Phone.

53.     Defendants are knowingly and willfully engaged in an enterprise that traffics in and resells unlocked or reflashed TracFone Prepaid Phones, or TracFone Prepaid Phones that they know, or reasonably should know, will be subsequently unlocked or reflashed and then resold under the Marks outside the Coverage Area as new for a substantial profit.

54.     Unless unlocked or reflashed, the TracFone Prepaid Phones are inoperable as wireless telecommunications devices outside the Coverage Area.

55.     The Coverage Area is plainly disclosed in TracFone's packaging and in the Terms and Conditions.  There would be no reason to ship TracFone Prepaid Phones overseas unless they were intended to be unlawfully unlocked or reflashed.

56.     Defendants have purchased thousands of TracFone Prepaid Phones from a number of known bulk resellers and dealers, including from Incomtel, a known bulk reseller of TracFone Prepaid Phones, and against whom TracFone obtained a Final Judgment and Permanent Injunction.

57.     By way of example, Defendants engaged in the following business transactions:

        a.      on or about June 22, 2007, Defendants purchased 3,060 Motorola C139 TracFone Prepaid Phones from Incomtel;

        b.      on or about July 5, 2007, Defendants purchased 2,500 Motorola C139 TracFone Prepaid Phones from Incomtel;

        c.      on or about July 27, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

        d.      on or about July 31, 2007, Defendants purchased 1,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

        e.      on or about August 3, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

f.      on or about August 10, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

g.      on or about August 17, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

h.      on or about August 30, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

i.      on or about September 6, 2007, Defendants purchased 2,120 Motorola C139 TracFone Prepaid Phones from Incomtel;

j.      on or about September 13, 2007, Defendants purchased 2 Motorola C139 TracFone Prepaid Phones from Incomtel;

k.      on or about October 14, 2007, Defendants purchased 876 Motorola C139 TracFone Prepaid Phones from Incomtel;

l.      on or about October 9, 2007, Defendants purchased 1,587 Motorola C139 TracFone Prepaid Phones from Incomtel;

m.      on or about October 18, 2007, Defendants purchased 4,400 Motorola C139 TracFone Prepaid Phones from Incomtel;

n.      on or about October 25, 2007, Defendants purchased 3,500 Motorola C139 TracFone Prepaid Phones from Incomtel;

o.      on or about November 1, 2007, Defendants purchased 4,300 Motorola C139 TracFone Prepaid Phones from Incomtel;

p.      on or about November 13, 2007, Defendants purchased 4,550 Motorola C139 TracFone Prepaid Phones from Incomtel;

q.      on or about November 21, 2007, Defendants purchased 2,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

r.      on or about November 30, 2007, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

s.      on or about December 5, 2007, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

t.      on or about December 12, 2007, Defendants purchased 10,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

u.      on or about December 18, 2007, Defendants purchased 10,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

v.      on or about December 20, 2007, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

w.      on or about December 21, 2007, Defendants purchased 4,800 Motorola C139 TracFone Prepaid Phones from Incomtel;

x.      on or about January 11, 2008, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

y.      on or about January 23, 2008, Defendants purchased 10,500 Motorola C139 TracFone Prepaid Phones from Incomtel;

z.      on or about February 8, 2008, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

aa.     on or about February 14, 2008, Defendants purchased 5,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

bb.     on or about April 10, 2008, Defendants purchased 3,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

cc.     on or about April 15, 2008, Defendants purchased 2,450 Motorola C139 TracFone Prepaid Phones from Incomtel;

dd.   on or about April 15, 2008, Defendants purchased 603 Motorola C139 TracFone Prepaid Phones from Incomtel;

ee.   on or about April 29, 2008, Defendants purchased 3,000 Motorola C139 TracFone Prepaid Phones from Incomtel;

ff.   on or about June 3, 2008, Defendants purchased 1,447 Motorola C139 TracFone Prepaid Phones from Incomtel.

58.   Upon information and belief, Defendants and/or their co-conspirators have also actively solicited Runners to purchase large quantities of TracFone Prepaid Phones from Target, Wal-Mart, Sam's Club, and other retailers, for sale to Defendants.

59.   The active solicitation of Runners by Defendants and/or their co-conspirators includes contacting Runners and requesting that they obtain specific brands and models of TracFone Prepaid Phones.

60.   To further the Bulk Resale Scheme, Defendants and Runners, among other things, conspire and work in concert to circumvent retailers' policies limiting the number of TracFone Prepaid Phones an individual may purchase.

61.   Defendants and Runners are often able to buy the Phones without paying State or other taxes associated with the purchase because of the large volume of Phones they purchase.

62.   An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators, to unlawfully bulk purchase, traffic and resell unlawfully reflashed and counterfeit TracFone Prepaid Phones under the Marks.

63.   Defendants each knowingly agreed to engage, and did engage, in one or more overt acts in furtherance of the conspiracy as set forth with more particularity in this Complaint.

64.   TracFone has been proximately damaged by the conspiracy and Defendants' actions in furtherance of the conspiracy.

## SUBSTANTIAL HARM CAUSED BY DEFENDANTS' MISCONDUCT

65.     Defendants' actions substantially harm TracFone by depriving TracFone of the opportunity to recoup its losses on the sale of its TracFone Prepaid Phones and to earn profits by providing wireless service to legitimate TracFone consumers.

66.     Since the Defendants often remove the Phones from their original packaging and/or ship the Phones outside the United States, they do not carry TracFone's manufacturer's warranty.  Accordingly, TracFone Prepaid Phones differ materially from the genuine TracFone Prepaid Phones sold by authorized TracFone retailers, all of which carry a manufacturer's warranty.

67.     In addition, removing the Phones from the original packaging and altering the software irreparably harms TracFone because it deprives TracFone of the means to control the quality of its product.

68.     The conduct of Defendants, their unknown co-conspirators, and others who engage in the unlawful bulk purchasing, reflashing, and sale of reflashed and altered TracFone Prepaid Phones has also resulted in a shortage of available TracFone Prepaid Phones, thereby substantially harming TracFone and its relationship with retailers and consumers because TracFone is not able to supply retailers with sufficient handsets to satisfy the demand from legitimate consumers.  As a result, TracFone loses potential customers to competing wireless service providers.

69.     Defendants' actions substantially harm TracFone and consumers who ultimately purchase TracFone handsets that have been improperly reflashed.  These reflashed TracFone Prepaid Phones will not work as intended.  Purchasers of these reflashed phones are unable to access TracFone Prepaid Wireless Service.  Consumers of the reflashed phones are misled as to the source, sponsorship and origin of their reflashed wireless phone.

70.     The process of reflashing or unlocking a TracFone Prepaid Phone voids the manufacturer's warranty on the device.  In addition, the sale of a TracFone Prepaid Phone outside of the United States also voids the manufacturer's warranty.  Both consumers and TracFone are harmed when a TracFone Prepaid Phone that has been altered or sold outside of this country by Defendants or their co-conspirators is submitted for warranty repair.  Because the warranty is voided on reflashed Phones or Phones sold abroad, consumers who purchase Phones from Defendants or their co-conspirators are unable to obtain warranty service in the event they experience problems with their Phones.  As a result, TracFone's reputation suffers further.

71.     Defendants' conduct has also resulted in the dilution of TracFone's trademarks, substantial harm to TracFone's business reputation and goodwill and a greater likelihood of confusion, mistake and deception as to the source of origin of TracFone products unlawfully sold by the Defendants and as to the relationship between TracFone and Defendants.

## CIVIL PROCEEDINGS IN OTHER FEDERAL COURTS

72.     Federal courts have recognized that conduct similar or identical to Defendants' violates existing civil laws.

73.     TracFone has filed various independent lawsuits in the United States District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Texas, the Southern District of Texas, the Eastern District of New York, the Southern District of New York, the Northern District of Georgia, the Central District of California, the Northern District of California, the Western District of Oklahoma, and the Western District of Pennsylvania against other defendants similarly engaged in the practice of defrauding legitimate consumers and TracFone by bulk purchasing prepaid wireless telephones and reflashing, repackaging, and reselling the counterfeit prepaid wireless phones for profit.  Other wireless service providers, including AT&T, T-Mobile USA, IDT, and Virgin Mobile have also filed similar lawsuits and obtained final judgments and permanent injunctions, as have wireless handset manufacturers Nokia and Motorola.

74.     TracFone, AT&T, T-Mobile, Virgin Mobile, IDT, Motorola and Nokia have all obtained Final Judgments and Permanent Injunctions in these cases, sample copies of which are attached hereto as **Composite Exhibit D.**

**COUNT ONE**
**FEDERAL TRADEMARK INFRINGEMENT**
**(Against all Defendants)**

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

75.     Defendants' and/or their co-conspirators' aforementioned conduct constitutes use of the Marks without authorization in connection with their conspiracy to sell and offer for sale reflashed and counterfeit TracFone Prepaid Phones, which downstream customers will discover are not capable for use with the TracFone prepaid wireless service.

76.     Defendants' and/or their co-conspirators' use of the Marks in connection with the sale of reflashed and counterfeit TracFone Prepaid Phones has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' counterfeit products, and the relationship between TracFone and Defendants.

77.     Defendants' and/or their co-conspirators' unauthorized use of the Marks is likely to continue in the future, all to the great and irreparable damage to the business, reputation and goodwill of TracFone.

78.     Defendants' and/or their co-conspirators' use and sale of the Marks in connection with the reflashed and counterfeit TracFone Phones, which are no longer capable of use with the TracFone prepaid wireless service constitutes a misappropriation of TracFone's distinguishing and identifying Marks that were created as a result of effort and expense by TracFone over a long period of time.  Defendants' and/or their co-conspirators' use of the Marks evokes an immediate, favorable impression or association and constitutes a false representation that the products and business of Defendants have some connection, association, or affiliation with TracFone, and thus constitutes false designation of origin.

79.     Defendants, in committing the foregoing acts in commerce, have damaged, and will continue to damage, TracFone and the reputation and goodwill of TracFone, and each has unjustly enriched and will continue to unjustly enrich his or herself or itself at the expense of TracFone.  TracFone is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

80.     Defendants' aforesaid acts constitute willful infringement of TracFone's federally registered trademarks in violation of 15 U.S.C. §1114.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

81.     Defendants' conduct, described with more particularity in this Complaint, constitutes unfair competition in violation of 15 U.S.C. §1125(a).

82.     TracFone has been damaged, or is likely to be damaged, by Defendants' conduct.

## COUNT THREE
## BREACH OF CONTRACT
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

83.     By purchasing TracFone Prepaid Phones, Defendants acknowledged and agreed to the Terms and Conditions included with each Phone as conspicuously printed on the package and as contained in the printed inserts packaged with the Phones.

84.     The Terms and Conditions constitute a valid binding contract between TracFone and Defendants.

85.     TracFone has performed or tendered performance in accordance therewith.

86.     Defendants have breached the Terms and Conditions by, *inter alia,* purchasing TracFone Prepaid Phones with the specific intent to reflash or unlock the phones or ship the phones outside of the United States.

87.     TracFone has suffered damages as a result of Defendants' breach of the Terms and Conditions.

**COUNT FOUR**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**
**(Against all Defendants)**

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

88.     By misappropriating and using the Marks in connection with the Bulk Resale Scheme, Defendants knowingly aided and enabled distributors and/or sellers of its products to market them to members of the general public in a way that infringes the Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception.

89.     Defendants' unlawful, unauthorized, and unlicensed sale of the reflashed or unlocked TracFone Prepaid Phones has thus contributed to the creation of express and implied misrepresentations that the TracFone Prepaid Phones, as sold by Defendants, were created, authorized, or approved by TracFone, and may be used with TracFone's prepaid wireless service.

90.     Upon information and belief, Defendants' conduct has led to post-sale confusion by causing consumers who purchase TracFone Prepaid Phones altered by Defendants to believe that they are purchasing handsets with software licensed or approved by TracFone.

91.     Defendants' conduct constitutes contributory infringement in violation of the Trademark Act. Defendants' conduct is intentional, malicious and willful.

92.     TracFone has suffered substantial damages as a result of Defendants' contributory infringement.

## COUNT FIVE
## COPYRIGHT INFRINGEMENT OF THE PREPAID SOFTWARE
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

93.     TracFone has the exclusive right to reproduce and prepare derivative works of its federally copyrighted TracFone Prepaid Software pursuant to 17 U.S.C. §106.

94.     Defendants' and/or its co-conspirators' actions in reflashing or otherwise modifying the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized derivate work of the TracFone Prepaid Software.

95.     Defendants' and/or its co-conspirators' actions in improperly reflashing the federally copyrighted TracFone Prepaid Software, without TracFone's authority or consent, creates an unauthorized reproduction of the TracFone Prepaid Software.

96.     Defendants know or should know their conduct constitutes copyright infringement under Title 17 of the United States Code.

97.     Defendants' actions have damaged and will continue to irreparably injure TracFone unless Defendants' conduct is enjoined by this Court.

## COUNT SIX
## CIRCUMVENTION OF COPYRIGHTED SOFTWARE PROTECTION SYSTEM
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

98.     The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or a treatment, with TracFone's authority, to gain access to the proprietary software, as set forth in 17 U.S.C. §1201.

99.     The TracFone Prepaid Software contains technological measures that effectively control access to the proprietary software.

100.    TracFone did not give Defendants or their co-conspirators authority to reflash, unlock, or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software.

101.    TracFone did not grant Defendants or their co-conspirators the authority to circumvent the technological measures for effectively controlling access to the TracFone Prepaid Software.

102.    Defendants acted, and/or knowingly engaged in a conspiracy, to avoid, bypass, remove, disable, deactivate, or impair a technological measure for effectively controlling access to the proprietary software without TracFone's authority.

103.    Defendants engaged in this misconduct for the purpose of reselling the altered devices for a profit, and not for the sole purpose of lawfully connecting to a wireless telephone communication network.

104.    Defendants acted to, and/or knowingly engaged in a conspiracy designed to circumvent a technological measure that effectively controls access to the TracFone Prepaid Software that is protected under title 17 of the United States Code, and thereby violated 17 U.S.C. §1201.

105.    Defendants' conduct has caused and, unless restrained, will continue to cause TracFone severe, immediate, and irreparable injury and damages for which TracFone has no adequate remedy at law.  TracFone is entitled to injunctive relief restraining such conduct, an award of damages, including punitive damages, as well as other equitable and legal relief.

## COUNT SEVEN
## TRAFFICKING IN CIRCUMVENTION TECHNOLOGY
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

106.    Defendants are, or are knowingly facilitating co-conspirators who are in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary TracFone Prepaid Software.

107.    Defendants are, or are knowingly facilitating co-conspirators who are trafficking in the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification.

108.    Individuals purchasing altered phones from Defendants or their co-conspirators purchase both the TracFone Prepaid Phone and the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification provided by Defendants or their co-conspirators.

109.    Accordingly, Defendants are, or are knowingly facilitating co-conspirators who are, trafficking in the service of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software by offering to the public its alteration service for a fee.

110.    The service of altering the TracFone Prepaid Software in TracFone Prepaid Phones is primarily designed or produced for the purpose of circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

111.    Accordingly, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

112.    The service of altering the TracFone Prepaid Software has, at most, only a limited commercially significant purpose or use other than circumventing TracFone's technological measures that effectively control access to TracFone's Prepaid Software that is protected under title 17 of the United States Code.

113.    Therefore, Defendants have violated, and continue to violate, Section 1201 of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

## COUNT EIGHT
## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RIGHT IN VIOLATION OF FLORIDA COMMON LAW
### (Against all Defendants)

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

114.    Defendants' conduct in purchasing and inducing others to purchase the Phones, disabling or removing, inducing others to disable or remove, and/or assisting others to disable or remove, the TracFone Prepaid Software and replacing it with other software, and reselling and/or assisting others to resell the handsets as new for activation of other wireless networks constitutes unfair competition, under the common law of the State of Florida.

115.    Defendants' conduct in selling, inducing others to sell, and/or assisting others to sell reflashed or unlocked Phones for the purpose of being reflashed or unlocked, which cannot be activated on the TracFone prepaid wireless network constitutes unfair competition under the common law of the State of Florida. Defendants' conduct complained of herein was intentional, malicious, and willful.

116.    TracFone has suffered substantial damages as a result of Defendants' unfair competition.

**COUNT NINE**
**CONSPIRACY TO INDUCE BREACH OF CONTRACT**
**(Against all Defendants)**

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

117.    TracFone had valid and existing contracts with Runners and other original purchasers of the Phones ("Purchasers").

118.    Defendants had knowledge of the contracts between TracFone and Purchasers, and intended to, and in fact did, induce Purchasers to breach their contracts with TracFone.

119.    The breach of the contracts was proximately caused by Defendants' misconduct.

120.    TracFone suffered damages as a result.

**COUNT TEN**
**CIVIL CONSPIRACY IN VIOLATION OF FLORIDA COMMON LAW**
**(Against all Defendants)**

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

121.    An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators, to unlawfully bulk purchase, traffic and resell unlawfully reflashed and counterfeit TracFone Prepaid Phones under the Marks.

122.    Defendants each knowingly agreed to engage, and did engage, in one or more overt acts in furtherance of the conspiracy as set forth with more particularity in this Complaint.

123.    TracFone has been proximately damaged by the conspiracy and Defendants' actions in furtherance of the conspiracy.

**COUNT ELEVEN**
**UNJUST ENRICHMENT IN VIOLATION OF FLORIDA COMMON LAW**
**(Against all Defendants)**

TracFone incorporates by reference each and every allegation set forth in Paragraphs 1 through 74, as though fully set forth herein.

124.    By bulk purchasing the TracFone Prepaid Phones below the manufacturers' cost of the phones, Defendants obtained benefits from TracFone that have resulted in significant financial benefits to Defendants through their resale of the bulk purchased TracFone Prepaid Phones.

125.    Defendants acquired the benefits voluntarily and with full knowledge.

126.    Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying TracFone the value of the benefits Defendants' acquired.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, TracFone Wireless, Inc., a Delaware corporation, respectfully requests that this Court enter final judgment and permanent injunctive relief in favor of TracFone and against Defendants CellNet 7, Inc., a Florida corporation, Natalie Sierra, individually, and Ishovany Diaz, individually as follows:

(a)    awarding TracFone its compensatory, consequential, statutory, special, treble, and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, as provided by law, together with pre and post-judgment interest;

(b)      awarding to TracFone restitution of all money and property unlawfully and unfairly taken by Defendants' through their unfair and unlawful conduct;

(c)      awarding TracFone permanent injunctive relief against Defendants enjoining Defendants from engaging in the unlawful practices described in this Complaint;

(d)      requiring Defendants, pursuant to the Lanham Act, to deliver their entire inventory of phones bearing or infringing any of the Marks or a confusingly similar copy thereof, to TracFone;

(e)      awarding TracFone its reasonable attorneys' fees and costs of this action; and,

(f)      granting such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff TracFone hereby demands a trial by jury on all triable issues.

DATED this 9th___ day of December, 2009.

Respectfully submitted,

**CARLTON FIELDS, P.A.**

By: _Aaron S. Weiss_____
Steven J. Brodie (FL Bar # 333069)
Aaron Weiss (FL Bar # 48813)
100 Southeast  Second Street, Suite 4000
Miami, Florida  33131-9101
Telephone No. (305) 530-0050
Facsimile No.  (305) 530-0055
Email:  sbrodie@carltonfields.com
Email:  aweiss@carltonfields.com

James B. Baldinger (FL Bar # 869899)
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401-6350
Telephone No. (561) 650-8026
Facsimile No.  (561) 659-7368
Email:  jbaldinger@carltonfields.com

*Attorneys for TracFone Wireless, Inc.*

16024366.1                                                      30

# EXHIBIT "A"

Int. Cls.: 9, 38, and 42

Prior U.S. Cls.: 21, 23, 26, 36, 38, 100, 101, and 104

Reg. No. 2,114,692

## United States Patent and Trademark Office

Registered Nov. 18, 1997

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

## TRACFONE

TOPP, INC. (FLORIDA CORPORATION)
8280 N.W. 27TH STREET
SUITE 506
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIPMENT, NAMELY, CELLULAR TELE-PHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND CELLULAR TELEPHONE ACCESSORIES, NAMELY, PREPAID AIRTIME DEBIT CARDS, BATTERY CHARGERS, STANDS, ANTENNAE, VOICE AMPLIFIERS AND MICROPHONES; COMPUTER PRO-GRAMS FOR USE IN CONTROLLING AND MONITORING PREPAID AIRTIME CELLULAR TELEPHONE SERVICE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

FOR: PROVIDING CELLULAR TELEPHONE SERVICES AND PROVIDING MONITORING AND CONTROL SERVICES FOR USE IN CON-JUNCTION WITH PREPAID AIRTIME CELLU-LAR PHONES AND DEBIT CARDS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

FOR: WHOLESALE DISTRIBUTORSHIP FEATURING OF CELLULAR TELEPHONES, PREPAID AIRTIME CELLULAR TELEPHONES AND PREPAID AIRTIME DEBIT CARDS, AND SOFTWARE FOR CONTROLLING AND MONI-TORING PREPAID AIRTIME CELLULAR SERVICE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-30-1996; IN COMMERCE 6-30-1996.

SN 75-074,390, FILED 3-18-1996.

DAVID NICHOLSON, EXAMINING ATTOR-NEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 3,224,929

Registered Apr. 3, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, BATTERY CHARGERS, STANDS, ANTENNAE,
HEADSET KITS COMPRISED OF HANDS FREE
ELECTRONIC EARPIECE WITH MICROPHONE
AND HOLSTER, HANDS FREE HEADSETS, CASES
WITH FLAPS, POWER ADAPTERS, BATTERIES,
CARRY SLEEVES, FACE PLATES, BELT CLIPS,
HOLSTERS, MOUNTING ATTACHMENTS, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NATIONWIDE PREPAID WIRE-
LESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRAC-
FONE NATIONWIDE PREPAID WIRELESS WITH
THE O IN TRACFONE APPEARING AS A SPIRA-
CLE.

SER. NO. 78-892,025, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,222,623
Registered Mar. 27, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: DISTRIBUTORSHIP SERVICES FEATUR-
ING CELLULAR TELEPHONES, PREPAID AIR
TIME CELLULAR TELEPHONE AND PREPAID
AIR TIME DEBIT CARDS, AND SOFTWARE FOR
CONTROLLING AND MONITORING PREPAID
AIR TIME CELLULAR SERVICE, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NOS. 2,114,692, 2,761,017
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NATIONWIDE PREPAID WIRE-
LESS", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDS TRAC-
FONE NATIONWIDE PREPAID WIRELESS WITH
THE O IN TRACFONE APPEARING AS A SPIRA-
CLE.

SER. NO. 78-892,046, FILED 5-24-2006.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cls.: 36 and 38

Prior U.S. Cls.: 100, 101, 102, and 104

**United States Patent and Trademark Office**

Reg. No. 3,118,250
Registered July 18, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# NET 10

TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25TH STREET
MIAMI, FL 33122

FOR: MONITORING THE USE OF DEBIT CARDS,
IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

FOR: PROVIDING MONITORING AND CON-
TROL SERVICES FOR USE IN CONJUNCTION
WITH PREPAID AIR TIME CELLULAR AND MO-
BILE PHONES, IN CLASS 38 (U.S. CLS. 100, 101 AND
104).

FIRST USE 3-1-2005; IN COMMERCE 3-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 78-509,584, FILED 11-2-2004.

HOWARD B. LEVINE, EXAMINING ATTORNEY

**Int. Cl.: 38**

**Prior U.S. Cls.: 100, 101 and 104**

**United States Patent and Trademark Office**

**Reg. No. 3,255,754**
Registered June 26, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: CELLULAR TELEPHONE COMMUNICA-
TIONS SERVICES PROVIDED VIA PREPAID AIR
TIME CELLULAR TELEPHONES AND PREPAID
AIR TIME CELLULAR CALLING CARD SERVICES,
IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

SER. NO. 78-918,078, FILED 6-27-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,251,389

Registered June 12, 2007

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: DISTRIBUTORSHIP SERVICES FEATUR-
ING CELLULAR TELEPHONES, PREPAID AIR
TIME CELLULAR TELEPHONES AND PREPAID
AIR TIME DEBIT CARDS, AND SOFTWARE FOR
CONTROLLING AND MONITORING PREPAID

AIR TIME CELLULAR SERVICE, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

SER. NO. 78-918,070, FILED 6-27-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,253,506
Registered June 19, 2007

## TRADEMARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (FLORIDA COR-
PORATION)
8390 NW 25 ST
MIAMI, FL 33122

FOR: ELECTRONIC COMMUNICATIONS EQUIP-
MENT, NAMELY, CELLULAR TELEPHONES; PRE-
PAID AIR TIME CELLULAR TELEPHONES;
CELLULAR TELEPHONE ACCESSORIES, NAME-
LY, TELEPHONE BATTERY CHARGERS, TELE-
PHONE BATTERY CHARGER STANDS,
TELEPHONE ANTENNAE, HEADSET KITS COM-
PRISED OF HANDS FREE ELECTRONIC EAR-
PIECE WITH MICROPHONE AND HOLSTER
SPECIALLY ADAPTED FOR CELLPHONES,
HANDS FREE HEADSETS COMPRISING HEAD-
PHONES AND A MICROPHONE, CASES WITH
FLAPS SPECIALLY ADAPTED FOR CELLPHONES,
POWER ADAPTERS, BATTERIES, CARRY SLEEVES
SPECIALLY ADAPTED FOR CELLPHONES, DEC-

ORATIVE CELLPHONE FACE PLATES, BELT
CLIPS, HOLSTERS, AND MOUNTING ATTACH-
MENTS SPECIALLY ADAPTED FOR CARRYING
CELLPHONES , IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 12-31-2005; IN COMMERCE 12-31-2005.

OWNER OF U.S. REG. NO. 3,118,250.

THE MARK CONSISTS OF THE WORDS NET10
WITH TWO ALIGNED TRIANGLES EMANATING
FROM THE NUMBER "1", WITH THE WORDS PAY
AS YOU GO MADE SIMPLE UNDERNEATH.

SER. NO. 78-918,088, FILED 6-27-2006.

JESSICA A. POWERS, EXAMINING ATTORNEY

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

United States Patent and Trademark Office

Reg. No. 3,630,321
Registered June 2, 2009

## SERVICE MARK
### PRINCIPAL REGISTER



TRACFONE WIRELESS, INC. (DELAWARE COR-
PORATION)
9700 NW 112 AVENUE
MIAMI, FL 33178

FOR: CELLULAR TELEPHONE COMMUNICA-
TIONS SERVICES; CELLULAR TELEPHONE TELE-
COMMUNICATIONS SERVICES PROVIDED VIA
PREPAID AIR TIME CELLULAR TELEPHONES
AND PREPAID AIR TIME CELLULAR TELEPHONE
CALLING CARD SERVICES, IN CLASS 38 (U.S. CLS.
100, 101 AND 104).

FIRST USE 9-12-2008; IN COMMERCE 9-12-2008.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WIRELESS", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF THE WORD "SAFE-
LINK" WITH THE "S" AND "L" CAPITALIZED AND
THE "I" IN STYLIZED FORM RESEMBLING A
CHAIN LINK, AND THE WORD "WIRELESS".

SER. NO. 77-568,998, FILED 9-12-2008.

MARY CRAWFORD, EXAMINING ATTORNEY

# EXHIBIT "B"

Welcome To Straight Talk



# EXHIBIT "C"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6-515-804**

EFFECTIVE DATE OF REGISTRATION

9 - 15 - 06
Month      Day      Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
Computer Program for Cellular Handset-Resident Prepaid System

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**
TracFone Wireless, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _USA_
Domiciled in ▶ _USA_

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Author created portions of computer program

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

## 3

**a**
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given.
_2002_ ◄ Year in all cases.

**b**
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ _May_   Day ▶ _1_   Year ▶ _2003_
_USA_ ◄ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
TracFone Wireless, Inc., 8390 N.W. 25th Street, Miami, FL 33122

**APPLICATION RECEIVED**
9-15-06
**ONE DEPOSIT RECEIVED**
9-15-06
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.   **DO NOT WRITE HERE**
• See detailed instructions.   • Sign the form at line 8.   Page 1 of _____ pages

| EXAMINED BY | PEN/WLT | FORM TX |
|---|---|---|
| CHECKED BY | | |
| ☑ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶          Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Portions of the computer program are previously published.

**a  6**

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

New text of computer program.

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼          Account Number ▼

**a  7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼
Lance D. Reich
CARLTON FIELDS, P.A.
1201 West Peachtree Street, Suite 3000, Atlanta, GA 30309

**b**

Area code and daytime telephone number ▶ 404.815.3400          Fax number ▶ 404.815.3415
Email ▶ lreich@carltonfields.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  TurboPower WinZync, Inc.
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Lance D. Reich          Date ▶ December 7, 2006

Handwritten signature (X) ▼
X _____Lance D. Reich_____

| Certificate will be mailed in window envelope to this address: | Name ▼ |
|---|---|
| | CARLTON FIELDS, P.A. |
| | Number/Street/Apt ▼ |
| | 1201 West Peachtree Street, Suite 3000 |
| | City/State/Zip ▼ |
| | Atlanta, GA 30309 |

**9**

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form TX—Full  Rev: 07/2006  Print: 07/2006 — 30,000  Printed on recycled paper          U.S. Government Printing Office: 2004-000000/00,000

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case No.: 07-CIV-23348 COOKE/BANDSTRA**

TRACFONE WIRELESS, INC., a Delaware corporation,

      *Plaintiff,*

v.

MIRANDA HOLDINGS CORP., a Florida corporation, d/b/a Incomtel,
JEREMY LARA, individually, and d/b/a CELLPHONES WHOLESALE, INC., a Florida
corporation,
PABLO MARTIN AVELLANEDA, individually,
JOHN DOES 1-50, and XYZ COMPANIES 1-50,

      *Defendants.*

_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

    Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit
against Defendants, Miranda Holdings Corp., a Florida corporation, d/b/a Incomtel ("Miranda"),
Jeremy Lara, individually and d/b/a Incomtel ("Lara"), Cellphones Wholesale, Inc., a Florida
corporation ("CWI"), and Pablo Martin Avellaneda ("Avellaneda") (Miranda, Lara, CWI, and
Avellaneda are collectively referred to as "Defendants"), alleging that the Defendants are
engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities
of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10
Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target
and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10
Prepaid Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling the
prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for
consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who
disable the software, and ultimately selling the altered Phones as new under TracFone's
trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit
(the "Bulk Resale Venture").

    TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and

Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10 service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone/NET10 wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, TracFone alleges that Defendants have, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone/NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendants' alleged involvement in the Bulk Resale Venture, TracFone asserted claims against the Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); common law unfair competition; contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of copyrighted software protection systems and trafficking in circumvent technology under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); unfair competition and false advertising under Fla. Stat. 501.204;; civil conspiracy; conspiracy to induce breach of contract; and unjust enrichment.

Accordingly, it is hereby, **ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Complaint states valid claims upon which relief may be granted against the

2

Defendants for: breach of contract; federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); common law unfair competition; contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of copyrighted software protection systems and trafficking in circumvent technology under 17 U.S.C. § 1201, *et. seq.* as a violation of the DMCA; unfair competition and false advertising under Fla. Stat. 501.204;; civil conspiracy; conspiracy to induce breach of contract; and unjust enrichment.

3. The permanent injunction will not disserve the public interest.

4. The parties, in their Amended Stipulation for Entry of Final Judgment and Permanent Injunction Against Defendants, have stipulated and agreed:

That the Terms and Conditions constitute a valid binding contract enforceable against Defendants. That (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET10 Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

That Defendants' participation in the Bulk Resale Venture has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works

3

that are exempt from the provisions of the DMCA, including: Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network. 71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). This new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

5. **Final judgment is hereby entered, jointly and severally, against Defendants,** Miranda Holdings Corp., a Florida corporation, d/b/a Incomtel, Jeremy Lara, individually and d/b/a Incomtel, Cellphones Wholesale, Inc., a Florida corporation, and Pablo Martin Avellaneda, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint, in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

6. If after the Judgment is satisfied, it is discovered that the parties to this action have violated the terms of this Permanent Injunction, the Court will order the payment of compensatory damages to TracFone Wireless, Inc. in the amount of FIVE THOUSAND

4

DOLLARS AND ZERO CENTS ($5,000.00) for Each TracFone/NET10 handset that a

Defendant is found to have purchased, sold or unlocked in violation of this Injunction. The

Court finds that these amounts are compensatory and will serve to compensate TracFone for its

losses in the event a Defendant violates the terms of this Permanent Injunction after the monetary

portion set forth in paragraph 10 of the Final Judgment herein has been satisfied.

    7. Defendants, and each and all of his, her and its past and present respective

officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies,

predecessors-in-interest, agents, employees, heirs, personal representatives, beneficiaries,

relatives, and all other persons or entities acting or purporting to act for him/her/it or on

his/her/its behalf, including but not limited to any corporation, partnership, proprietorship or

entity of any type that is in any way affiliated or associated with any Defendant or any

Defendant's representatives, agents, assigns, parent entities, employees, independent contractors,

associates, servants, affiliated entities, and any and all persons and entities in active concert and

participation with any Defendant who receive notice of this Order, shall be and hereby are

**PERMANENTLY ENJOINED** from:

        a.    purchasing and/or selling any wireless mobile phone that they know or

           should know bears any TracFone Trademark, any other trademark owned

           or used by TracFone, or any other model of wireless mobile phone sold or

           marketed by TracFone ("TracFone/NET10 Handsets"). Specifically, the

           Defendants are enjoined from purchasing and/or selling all models of

           TracFone/NET10 Handsets currently offered for sale by TracFone, or that

           may be offered for sale in the future, as listed and updated from time to

5

time on TracFone's and NET10's websites,

http://tracfone.com/activation_pick_brand.jsp and www.net10.com,

including without limitation the following TracFone/NET10 handsets:

Motorola W370

Motorola C261

Motorola C139

Motorola V176

Motorola V170

Motorola V171

Motorola C155

Motorola C343

Nokia 2126

Nokia 2126i

Nokia 2600

Nokia 1100

Nokia 1112

Nokia 1600

Nokia 2285

LG 3280

LG CG225

LG 1500

6

    b.     reflashing and/or unlocking of any TracFone/NET10 Handset;

    c.     accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

    d.     facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

    e.     facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

    f.     knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

8. The address of Defendant, Miranda Holdings Corp., a Florida corporation, is 10900 NW 21st Street, Suite 170, Miami, Florida 33172.

9. The address of Defendant, Jeremy Lara, individually and d/b/a Incomtel, is 10900 NW 21st Street, Suite 170, Miami, Florida 33172.

10. The address of Defendant, Cellphones Wholesale, Inc., a Florida corporation, is 5800 Logan Drive, Plano, Texas 75094.

11. The address of Defendant, Pablo Martin Avellaneda, is 10900 NW 21st Street, Suite 170, Miami, Florida 33172.

12. The address of Plaintiff, TracFone Wireless, Inc. is 9700 NW 112th Avenue, Miami, Florida 33178.

13. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

All pending motions are denied as moot, and the Clerk shall close this case.

**DONE and ORDERED** in chambers, Miami, Florida, this 29th day of July 2008.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Hon. Ted E. Bandstra*

*Counsel of Record*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ X

TRACFONE WIRELESS, INC., a Delaware :
Corporation,
                                              :
                Plaintiff,
                                              :
        -against-
                                              :
KAMLASH RANI a/k/a Rani Kamlash,
individually; RAJNI RANI, individually;       :
PARVEEN K. KUNDRA, individually; DK
WIRELESS INC., a New York Corporation,        :
d/b/a Wireless Touch and Talk 2 Me;
ADVANTAGE WIRELESS, INC., a New York :
Corporation; MOHINDER SINGH,
individually; FRIENDLY CELLULAR, INC., a
New York Corporation; IA
COMMUNICATION, INC., a New York
Corporation; AJAY MEHTA, individually;
VINNY PATEL, individually; JOHN DOES 1-
50; and XYZ COMPANIES 1-50,

                Defendants.

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★           ★
FEB 1 1 2009

P.M.
TIME A.M. _____

INDEX NO. 1:08-CV-00707-DLI-RLM

## AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS MOHINDER SINGH, KAMLASH RANI, RAJNI RANI AND FRIENDLY CELLULAR, INC.

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit

against Defendants Mohinder Singh, individually ("Singh"), Kamlash Rani, individually, Rajni

Rani, individually, and Friendly Cellular, Inc. ("Friendly"), (collectively "Defendants") alleging

that Defendants are engaged in an unlawful enterprise involving the acquisition, sale and

alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless

telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail

outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk

purchase TracFone/NET10 Prepaid Phones for Defendants' benefit, computer hacking and

erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

As a result of Defendants' alleged involvement in the Bulk Resale Scheme, TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; dilution of TracFone's trademarks under N.Y. Gen. Bus. Law § 360-1; unjust enrichment; and deceptive trade practices under N.Y. Gen. Bus. Law § 349. Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1.     This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2.     The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are

associated exclusively with TracFone. TracFone also holds a valid copyright on the TracFone Prepaid Software.

3.    The Court finds that the Defendant's alleged involvement in the Bulk Resale Scheme, if proven, constitutes federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the DMCA; breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; dilution of TracFone's trademarks under N.Y. Gen. Bus. Law § 360-1; unjust enrichment; and deceptive trade practices under N.Y. Gen. Bus. Law § 349.

4.    The Court further finds that Defendants' alleged participation in the Bulk Resale Scheme, if proven, has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

5.    TracFone is entitled to injunctive relief and damages on the claims set forth in the Amended Complaint.

6.    On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendant of liability for his violations of the DMCA as alleged in TracFone's complaint, because Defendants' conduct as alleged in this case does not come within the scope of the new exemption. Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

      7.     Final judgment is hereby entered against Defendants Mohinder Singh, individually ("Singh"), Kamlash Rani, individually, Rajni Rani, individually, and Friendly Cellular, Inc. ("Friendly"), (collectively "Defendants"), and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint. Final judgment is hereby entered against Defendants Singh, individually, Kamlash Rani, individually, and Friendly, and in favor of the Plaintiff, TracFone Wireless, Inc., in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

      8.     Defendants and each and all of their representatives, agents, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this order shall be and hereby are PERMANENTLY ENJOINED from:

               a.  purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by

TracFone ("TracFone/NET10 Handsets"). Specifically, Defendants are enjoined from purchasing and/or selling all models of TracFone/NET10 Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and NET10's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone/NET10 handsets:

| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

b.  reflashing and/or unlocking of any TracFone/NET10 Handset;

c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

d.  facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e.  facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

f.  knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

9.  The last known address of Defendant Mohinder Singh is 4 Crescent Street, Hicksville, New York 11426.

10.  The last known address of Defendant Kamlash Rani is 4 Crescent Street, Hicksville, New York 11426.

11.  The last known address of Defendant Rajni Rani is 4 Crescent Street, Hicksville, New York 11426.

12.  The last known address of Defendant Friendly Cellular, Inc. is 4 Crescent Street, Hicksville, New York 11426.

13.  The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

14.  The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of $5,000 for each TracFone/NET10 Handset that Defendant is found to have purchased, sold, or unlocked in violation of this injunction, or $1,000,000.00, whichever is greater.

15.  The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

16.  This case remains pending against the other defendants named in TracFone's pleadings. The Court finds that there is no just reason for delay of the entry of judgment against Defendants Mohinder Singh, individually, Kamlash Rani, individually, Rajni Rani, individually

and Friendly Cellular, Inc., and therefore directs the Clerk to enter Judgment as set forth herein.

*See* Fed. R. Civ. P. 54(b).

**DONE AND ORDERED** in Brooklyn, New York, this ___ day of _____, 200__.

_____
THE HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel and pro se litigants of record.

*Pursuant to the Court's order of February 4, 2009, amended judgment is hereby entered as described above.*

*, Clerk*

*By:*
*Chief Deputy   2/11/09*

### THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-22216-CIV-SEITZ/O'SULLIVAN

TRACFONE WIRELESS, INC., a
Florida corporation,

      Plaintiff,

v.

SHAKEEL CHOTHAI, individually and d/b/a
Chothai Trading; PLANET CELLULAR, INC.,
a California corporation; JOHN DOES 1 – 50; and
XYZ COMPANIES 1-50,

      Defendants.

_____/

### STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST
### DEFENDANTS, PLANET CELLULAR, INC. AND SHAKEEL CHOTHAI

Plaintiff, TracFone Wireless, Inc. ("TracFone") has sued Defendants, Planet Cellular,

Inc., a California corporation, ("Planet Cellular"), and Shakeel Chothai, individually and d/b/a

Chothai Trading ("Chothai") (Planet Cellular and Chothai are collectively referred to as

"Defendants").    Plaintiff alleges that the Defendants are engaged in an unlawful enterprise

involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's

NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones")

purchased from various retail outlets such as Wal-Mart, Target and Sam's Club. Plaintiff asserts

that Defendants have solicited and paid others to bulk purchase TracFone/NET10 Prepaid

Phones for Defendants' benefit, have engaged in computer hacking and erasing or otherwise

disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones

essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones

to others who disable the software, and ultimately selling the altered Phones as new under

TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system

for profit (the "Bulk Resale Scheme").

TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10 service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone/NET10 wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, Defendants have, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone/NET10 prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendants' involvement in the Bulk Resale Scheme, Plaintiff asserted claims against Defendants for: (1) Breach of Contract; (2) Federal Trademark Infringement in violation of 15 U.S.C. § 1114.; (3) Federal Unfair Competition in violation of 15 U.S.C. § 1125(A); (4) Common Law Unfair Competition; (5) Contributory Trademark Infringement; (6)

2

Copyright Infringement of Software in violation of Title 17 of the United States Code; (7) Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*; (8) Tortious Interference with Business Relationships and Prospective Advantage; (9) Tortious Interference with Contract; (10) Unfair Competition and False Advertising in violation of § 501.204, Fla. Stat.; (11) Harm to TracFone's Goodwill and Business Reputation in violation of § 495.151, Fla. Stat.; (12) Civil Conspiracy; and (13) Unjust Enrichment.

On July 18, 2008, the parties stipulated to the entry of a Final Judgment and Permanent Injunction [DE-85], which would make the following Findings of Fact and Conclusions of Law by the Court:

1.     This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2.     TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, issued on June 19, 2007 and based on a first use

3

date of December 31, 2005; and United States Trademark Registration No. 3,251,389, issued on June 12, 2007 and based on a first use date of December 31, 2005 (collectively the "TracFone Trademarks").

    3.    The TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

    4.    TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

    5.    Defendants' involvement in the Bulk Resale Scheme constitutes Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. § 1114.; Federal Unfair Competition in violation of 15 U.S.C. § 1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the DMCA, 17 U.S.C. § 1201, *et seq.*; Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Unfair Competition and False Advertising in violation of § 501.204, Fla. Stat.; Harm to TracFone's Goodwill and Business Reputation in violation of § 495.151, Fla. Stat.; Civil Conspiracy; and Unjust Enrichment.

    6.    The Terms and Conditions constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers

4

in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET10 Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

7.      Defendants' participation in the Bulk Resale Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8.      TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9.      On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

Therefore, based on these Findings of Fact and Conclusions of Law, it is hereby

**ORDERED** that:

### A.   **FINAL JUDGMENT**

Final judgment is hereby entered, jointly and severally, against Defendants, Planet

Cellular, Inc., a California corporation, and Shakeel Chothai, individually and d/b/a Chothai

Trading, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in

TracFone's complaint, in the principal amount of FIVE MILLION DOLLARS AND ZERO

CENTS ($5,000,000.00), which shall bear interest at the legal rate, for which let execution issue

forthwith.

### B.   **PERMANENT INJUNCTION**

Defendants, and each and all of their past and present respective officers, directors,

successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest,

agents, employees, attorneys, accountants, investigators, consultants, heirs, personal

representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to

act for him/her/it or on his/her/its behalf, including but not limited to any corporation,

partnership, proprietorship or entity of any type that is in any way affiliated or associated with

any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees,

independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any

and all persons and entities in active concert and participation with any Defendant who receive

notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

       i.     purchasing and/or selling any wireless mobile phone that they know or

should know currently bears, or did so at one time, any TracFone Trademark or any other

trademark owned or used by TracFone or NET10 ("TracFone/NET10 Handsets"). Specifically,

the Defendants are enjoined from purchasing and/or selling all models of TracFone/NET10

Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as

listed and updated from time to time on TracFone's and NET10's websites,

http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation

the following TracFone/NET10 Handsets:

| | |
|---|---|
| Motorola W175 | Nokia 2126 |
| Motorola W260g | Nokia 2126i |
| Motorola W376g | Nokia 2600 |
| Motorola W370R | Nokia 1100 |
| Motorola W370 | Nokia 1112 |
| Motorola W375 | Nokia 1221 |
| Motorola C261 | Nokia 1600 |
| Motorola C139 | Nokia 2285 |
| PINK Motorola C139 | LG 400G |
| Motorola V176 | LG 3280 |
| Motorola V170 | LG CG225 |
| Motorola V171 | LG 1500 |
| Motorola C155 | LG 200C |
| Motorola C343 | Kyocera K126C |
| Motorola V60i | |

ii.     reflashing and/or unlocking of any TracFone/NET10 Handset;

iii.    accessing, altering, erasing, tampering with, deleting or otherwise

disabling TracFone's proprietary prepaid cellular software contained within any and all

models of TracFone/NET10 Handsets;

iv.     facilitating or in any way assisting other persons or entities who

Defendants know or should know are engaged in reflashing and/or unlocking

TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or

otherwise disabling the software installed in TracFone/NET10 Handsets;

v.      facilitating or in any way assisting other persons or entities who

Defendants know or should know are engaged in any of the acts prohibited under this

permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

      vi.    knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

**C.    CONTACT INFORMATION**

      i.    The last known address of Defendant, Planet Cellular, Inc., a California corporation, is 15421 Carmenita Road, Suite C, Santa Fe Springs, CA 90670.

      ii.    The last known address of Defendant, Shakeel Chothai, individually and d/b/a Chothai Trading, is 3684 Watseka Avenue, #204, Los Angeles, California 90034.

      iii.    The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

**D.    RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to TracFone Wireless, Inc.

**E.    COMPLIANCE**

The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

DONE AND ORDERED in Miami, Florida, this 22nd day of July, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record/*pro se* parties



1

2          UNITED STATES DISTRICT COURT

3          CENTRAL DISTRICT OF CALIFORNIA

4

O

5    TRACFONE WIRELESS, INC., a          )   Case No. SACV 08-00382-SGL (SSx)
     Delaware corporation,               )
6                                        )   **FINAL JUDGMENT AND**
              Plaintiff,                 )   **PERMANENT**
7                                        )   **INJUNCTION AGAINST**
          v.                             )   **DEFENDANTS SKYCOM**
8    SKYCOM WIRELESS, INC., a            )   **WIRELESS, INC., MOHAMAD**
     California Corporation; MOHAMAD     )   **CHEHAB, AND AHED YOUSEF**
9    CHEHAB; AHED YOUSEF DIAB            )   **DIAB A/K/A EDDIE DIAB**
10   a/k/a EDDIE DIAB; RANDALL           )
     SALDIVAR; and DOES 1-10,            )
11                                       )
                                         )
12            Defendants.                )

13

14

15        Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned

16   lawsuit against Defendants, Skycom Wireless, Inc., a California Corporation

17   ("Skycom"),  Mohamad Chehab ("Chehab"), Ahed Yousef Diab a/k/a Eddie Diab

18   ("Diab") (Skycom, Chehab, and Diab are collectively referred to as "Defendants"),

19   and Randall Saldivar ("Saldivar")  alleging that the Defendants are engaged in an

20   unlawful enterprise involving the acquisition, sale and alteration of large quantities

21   of TracFone and TracFone's NET10 branded prepaid wireless telephones

22   ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail

23   outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of

24   others to bulk purchase TracFone/NET10 Prepaid Phones for Defendants' benefit,

25   computer hacking and erasing or otherwise disabling the prepaid software

26   ("TracFone/NET10 Prepaid Software") installed in the Phones essential for

27   consumers to access TracFone's prepaid wireless network, or reselling the Phones to

28   others who disable the software, and ultimately selling the altered Phones as new

44350
14013128.1                                1                    CV08-00382-SGL (SSx)

1  under TracFone's trademarks for the unauthorized use outside of the TracFone
2  prepaid wireless system for profit (the "Bulk Resale Scheme").

3        TracFone/NET10 Prepaid Phones are sold subject to terms and conditions
4  ("Terms and Conditions") which conspicuously restrict and limit the sale and use of
5  TracFone/NET10 Prepaid Phones.  These Terms and Conditions are set forth in
6  printed inserts that are included in the packaging with every TracFone Phone, and
7  are also available to the public on TracFone's website.  The Terms and Conditions
8  are also referenced in printed warnings that are placed on the outside of the retail
9  packaging of the Phones. The Terms and Conditions and language on the packaging
10 constitute a valid binding contract.

11       Pursuant to the Terms and Conditions and the language on the packaging,
12 purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in
13 conjunction with the TracFone/NET10 prepaid wireless service; (b) not to tamper
14 with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter
15 unauthorized PIN numbers in the Phones, engage in any other unauthorized or
16 illegal use of the Phones or the TracFone/NET10 service, or assist others in such
17 acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the
18 TracFone/NET10 wireless system coverage area ("Coverage Area").  In violation of
19 the Terms and Conditions, TracFone alleges that Defendants have, among other
20 things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries
21 outside of the Coverage area or knowingly facilitated others who have done so;
22 facilitated others to use the Phones without the TracFone/NET10 prepaid wireless
23 service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or
24 facilitated others who have done so.

25       As a result of Defendants Skycom and Chehab's involvement in the Bulk
26 Resale Scheme, TracFone asserted claims against the Defendants for federal
27 trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15

28 44350
   14013128.1

                                      2                     Case No. CV08-00382-SGL (SSx)

1  U.S.C. § 1125(a); violation of California Business & Professions Code § 17200, *et*
2  *seq.*; contributory trademark infringement; copyright infringement under 17 U.S.C.
3  § 106; copyright infringement under Title 17 of the United States Code;
4  circumvention of copyrighted software protection systems and trafficking in
5  circumvention technology under 17 U.S.C. § 1201, *et seq.* as a violation of the
6  Digital Millennium Copyright Act ("DMCA"); breach of contract; interference with
7  business relationships and prospective advantage; interference with contract;
8  dilution of TracFone's Trademarks under California Business & Professions Code §
9  14200, *et seq.*; and conspiracy to induce breach of contract.   Accordingly, it is
10  hereby,

11        **ORDERED, ADJUDGED** and **DECREED** that:

12        1.     This Court has jurisdiction over all the parties and all of the claims set
13  forth in TracFone's complaint.

14        2.     The Court finds that TracFone owns all right, title, and interest in and
15  to United States Trademark Registration No. 2,114,692, issued on November 18,
16  1997 and based on a first use date of June 30, 1996; United States Trademark
17  Registration No. 2,761,017, issued on September 9, 2003 and based on a first use
18  date of December 2000; United States Trademark Registration No. 3,224,929,
19  issued on April 3, 2007 and based on a first use date of December 31, 2005; United
20  States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based
21  on a first use date of December 31, 2005; United States Trademark Registration No.
22  3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United
23  States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on
24  a first use date of December 31, 2005; United States Trademark Registration No.
25  3,253,506, issued on June 19, 2007 and based on a first use date of December 31,
26  2005; and United States Trademark Registration No. 3,251,389, issued on June 12,

27

28  44350                              3              Case No. CV08-00382-SGL (SSx)
       14013128.1
       _____
                              FINAL JUDGMENT AND PERMANENT
       INJUNCTION AGAINST DEFENDANTS SKYCOM WIRELESS, INC., MOHAMAD CHEHAB, AND AHED
                              YOUSEF DIAB A/K/A EDDIE DIAB

1   2007 and based on a first use date of December 31, 2005 (collectively the
2   "TracFone Trademarks").

3       3.      The TracFone Trademarks are valid, distinctive, protectable, and
4   famous, have acquired secondary meaning and are associated exclusively with
5   TracFone.  The Court finds that the trademark registered under Registration No.
6   2,114,692 is incontestable.

7       4.      The Court further finds that TracFone holds a valid and enforceable
8   copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

9       5.      The Court finds that the Defendants' involvement in the Bulk Resale
10  Scheme constitutes federal trademark infringement under 15 U.S.C. § 1114; federal
11  unfair competition under 15 U.S.C. § 1125(a); violation of California Business &
12  Professions Code § 17200, et seq.; contributory trademark infringement; copyright
13  infringement under 17 U.S.C. § 106; copyright infringement under Title 17 of the
14  United States Code; circumvention of copyrighted software protection systems and
15  trafficking in circumvention technology under 17 U.S.C. § 1201, et seq. as a
16  violation of the DMCA; breach of contract; interference with business relationships
17  and prospective advantage; interference with contract; dilution of TracFone's
18  Trademarks under California Business & Professions Code § 14200, et seq.; and
19  conspiracy to induce breach of contract.

20      6.      The Court finds that the Terms and Conditions constitute a valid
21  binding contract enforceable against Defendants.  The Court finds that (a)
22  facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with
23  service providers other than TracFone, (b) tampering with or altering
24  TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized
25  PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or
26  facilitating others in such acts, and/or (c) exporting TracFone/NET10 Prepaid

27

28  44350
    14013128.1

Case No. CV08-00382-SGL (SSx)

FINAL JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANTS SKYCOM WIRELESS, INC., MOHAMAD CHEHAB, AND AHED
YOUSEF DIAB A/K/A EDDIE DIAB

1  Phones outside of the Coverage Area, or assisting others in such acts, respectively,
2  constitute independent breaches of contract for which TracFone is entitled to relief.

3       7.    The Court further finds that Defendants' participation in the Bulk
4  Resale Scheme has caused substantial and irreparable harm to TracFone, and will
5  continue to cause substantial and irreparable harm to TracFone unless enjoined.

6       8:    TracFone is entitled to injunctive relief and damages on the claims set
7  forth in the Complaint.

8       9.    On November 27, 2006, the Librarian of Congress, upon the
9  recommendation of the Register of Copyrights, issued a Final Rule setting forth six
10  (6) classes of copyrighted works that are exempt from the provisions of the DMCA,
11  including:

12       Computer programs in the form of firmware that enable wireless
         telephone handsets to connect to a wireless telephone communication
13       network, when circumvention is accomplished for the sole purpose of
         lawfully connecting to a wireless telephone communication network.
14
15  71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court
16  finds that this new exemption does not absolve the Defendants of liability for their
17  violations of the DMCA as alleged in TracFone's complaint, because the
18  Defendants' conduct as alleged in this case does not come within the scope of the
19  new exemption. The Defendants' purchase and resale of the TracFone handsets was
20  for the purpose of reselling those handsets for a profit, and not "for the sole purpose
21  of lawfully connecting to a wireless telephone communication network." Because
22  the exemption does not apply to the conduct alleged in this case, there is no need for
23  the Court to address the validity of the exemption or the circumstances surrounding
    its enactment.
24
25       10.   Final judgment is hereby entered, jointly and severally, against
26  Defendants, Skycom Wireless, Inc., a California Corporation, and Mohamad
27  Chehab, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims

28  44350                          5                    Case No. CV08-00382-SGL (SSx)
    14013128.1

1  set forth in TracFone's complaint, in the principal amount of Two Million Dollars

2  and Zero Cents ($2,000,000.00) for which let execution issue forthwith.

3        11.    Defendants, and each and all of their past and present respective

4  officers, directors, successors, assigns, parents, subsidiaries, affiliates, related

5  companies, predecessors-in-interest, agents, employees, attorneys, accountants,

6  investigators, consultants, heirs, personal representatives, beneficiaries, relatives,

7  and all other persons or entities acting or purporting to act for him/her/it or on

8  his/her/its behalf, including but not limited to any corporation, partnership,

9  proprietorship or entity of any type that is in any way affiliated or associated with

10 any Defendant or any Defendant's representatives, agents, assigns, parent entities,

11 employees, independent contractors, accountants, attorneys, associates, servants,

12 affiliated entities, and any and all persons and entities in active concert and

13 participation with any Defendant who receive notice of this Order, shall be and

14 hereby are PERMANENTLY ENJOINED from:

15        a. purchasing and/or selling any wireless mobile phone that they know or

16           reasonably should know bears any TracFone Trademark, any other

17           trademark owned or used by TracFone, or any other model of wireless

18           mobile phone sold or marketed by TracFone ("TracFone/NET10

19           Handsets"). Specifically, the Defendants are enjoined from purchasing

20           and/or selling all models of TracFone/NET10 Handsets currently

21           offered for sale by TracFone, or that may be offered for sale in the

22           future, as listed and updated from time to time on TracFone's and

23           NET10's websites, http://tracfone.com/activation_pick_brand.jsp and

24           www.net10.com, including without limitation the following

25           TracFone/NET10 handsets:

26

27       | Motorola W175g | Motorola C155 | Nokia 1221 |
         | Motorola W260g | Motorola C343 | Nokia 1600 |
         | Motorola W370  | Motorola V60i | Nokia 2285 |

28  44350
    14013128.1                              6                    Case No. CV08-00382-SGL (SSx)

| Motorola W375 | Motorola V175 | LG 3280 |
|---|---|---|
| Motorola C261 | Nokia 2126 | LG CG225 |
| Motorola C139 | Nokia 2126i | LG 1500 |
| Motorola V176 | Nokia 2600 | LG 200C |
| Motorola V170 | Nokia 1100 | LG 300 |
| Motorola V171 | Nokia 1112 | LG 400G |
| | | Kyocera K126C |

    b.  reflashing and/or unlocking of any TracFone/NET10 Handset;

    c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

    d.  facilitating or in any way assisting other persons or entities who Defendants know or reasonably should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

    e.  facilitating or in any way assisting other persons or entities who Defendants know or reasonably should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

    f.  knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

    12.    The last known address of Defendant, Skycom Wireless, Inc., a California Corporation, 12519 Crenshaw Boulevard, Hawthorne, California 90024.

    13.    The last known address of Defendant, Mohamad Chehab, is 4133 Redwood Avenue, Unit 2019, Los Angeles, California 90066.

44350
14013128.1

7

Case No. CV08-00382-SGL (SSx)

14.   The last known address of Defendant, Ahed Yousef Diab a/k/a Eddie Diab, is 3212 W. 157th Street, Gardena, California 90249.

15.   The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

16.   The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt in the event a Defendant violates the terms of this Order.

17.   The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its reasonable attorneys' fees and costs.

DONE AND ORDERED in Riverside, California, this  27th day of October , 2008.

_____
**THE HONORABLE STEPHEN G. LARSON**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel and *pro se* parties of record

44350
14013128.1

8

Case No. CV08-00382-SGL (SSx)

FINAL JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANTS SKYCOM WIRELESS, INC., MOHAMAD CHEHAB, AND AHED
YOUSEF DIAB A/K/A EDDIE DIAB