UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23670-CIV-KING

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

CELLNET 7, INC., a Florida corporation;
NATALIA SIERRA, individually;
IHOSVANY DIAZ, individually; ANADISK
LLC, a Pennsylvania limited liability
company DNMA66, LLC, a Florida limited
liability company; and DAVUT KILINC
a/k/a DAVID KILINC, individually,

    Defendants.  /

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS, CELLNET7, INC., NATALIA SIERRA, AND IHOSVANY DIAZ

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), brought the above-captioned lawsuit against CELLNET7, INC., a Florida corporation, ("CellNet7"), NATALIA SIERRA, individually ("Sierra") and IHOSVANY DIAZ, individually ("Diaz"), (collectively, "Defendants"), alleging that the Defendants purchased wireless phones from an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10, Straight Talk and SafeLink branded prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone Prepaid Phones for Defendants' benefit, and computer hacking and erasing or otherwise disabling the prepaid software ("TracFone Prepaid Software") installed in the Phones and essential for consumers to access TracFone's prepaid wireless network. This alleged unlawful business practice involves the unauthorized and/or unlawful purchase, resale and/or trafficking of

16150375.4                                  1

TracFone Prepaid Phones, the unauthorized and/or unlawful unlocking and/or reflashing of TracFone Prepaid Phones and/or alteration, copying, and/or accessing of TracFone's copyrighted and proprietary software computer code installed in the Phones, or reselling the Phones to others who disable the software, and ultimately sell the altered Phones as new to unsuspecting consumers under the TracFone, NET10, Straight Talk, or SafeLink trademarks for unauthorized use outside of the TracFone prepaid wireless system for profit (the "Illicit Bulk Resale Scheme").

TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Prepaid Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract between Defendants and TracFone.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone prepaid wireless service; (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone service, or assist others in such acts; and (c) not to export any TracFone Prepaid Phones outside of the TracFone wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, TracFone alleges that Defendants have, among other things, unlawfully exported TracFone Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone prepaid wireless service; and altered TracFone Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendants' alleged involvement in the Illicit Bulk Resale Scheme, TracFone asserted claims against the Defendants for Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. §1114.; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act ("DMCA"); dilution of TracFone's marks, 17 U.S.C. §1201, *et seq.*; Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Dilution of TracFone's Trademarks under common law unfair competition; conspiracy to induce breach of contract; civil conspiracy; and unjust enrichment.

Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1.  This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2.  The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, for "TracFone," issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, for "TracFone," issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, for "TracFone," issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, for "TracFone," issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, for "NET10," on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No.

3,255,754, for "NET10," issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, for "NET10," issued on June 19, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,251,389, for "NET10," issued on June 12, 2007 and based on a first use date of December 31, 2005, and United States Trademark Application Serial No. 77,506,332 for SafeLink Wireless and Design, in International Class 38, application filed on June 24, 2008 (collectively the "TracFone/NET10/Straight Talk/SafeLink Trademarks").

3. The TracFone/NET10/Straight Talk/SafeLink Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that the Defendants' alleged involvement in the Illicit Bulk Resale Scheme, if proven at trial, would constitute Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. §1114.; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act ("DMCA"); dilution of TracFone's marks, 17 U.S.C. §1201, *et seq.*; Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Dilution of TracFone's Trademarks under common law unfair competition; conspiracy to induce breach of contract;

unfair competition; unfair competition and false advertising under Fla. Stat. 501.204; civil conspiracy; and unjust enrichment.

6. The Court finds that the Terms and Conditions, as alleged by TracFone, constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

7. The Court further finds that alleged Defendants' alleged participation in the Illicit Bulk Resale Scheme, if proven at trial, has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. §201.40(b)). The Court finds that this exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the exemption. The Defendants' purchase and resale of TracFone

Prepaid Phones was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

9. Final judgment is hereby entered against Defendants CellNet7 and Natalia Sierra and Ihosvany Diaz and in favor of the Plaintiff, TracFone Wireless, Inc., a Delaware corporation, on all of the claims set forth in TracFone's complaint.

10. Defendants CellNet7, Natalia Sierra and Ihosvany Diaz are hereby PERMANENTLY ENJOINED from:

   a. purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any TracFone/NET10/Straight Talk/SafeLink Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's, NET10's and SafeLink's websites, www.tracfone.com, www.net10.com, www.straighttalk.om and www.safelink.com, respectively, and including without limitation the following TracFone/NET10 handsets:

| Kyocera K126C | Motorola C139 | Nokia 1100 |
|---|---|---|
| LG 100C | Motorola C155 | Nokia 1112 |
| LG 220C | Motorola C261 | Nokia 1600 |
| LG 290C | Motorola C343 | Nokia 2126 |
| LG 1500 | Motorola EM326g | Nokia 2126i |
| LG 200C | Motorola RAZR V3a | Nokia 2285 |
| LG 200CM | Motorola V170 | Nokia 2600 |
| LG 300G | Motorola V171 | Nokia 3390 |
| LG 3280 | Motorola V176 | Samsung R451C |

| LG 400G  | Motorola W175g | Samsung T101G |
|----------|----------------|---------------|
| LG 410G  | Motorola W260g | Samsung T201G |
| LG 600G  | Motorola W370  | Samsung T301G |
| LG CG225 | Motorola W375  | Samsung T401G |
|          | Motorola W376g |               |
|          | Motorola W377g |               |

    b.    rekitting, reflashing and/or unlocking of any TracFone Handset;

    c.    accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone Handsets;

    d.    facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in rekitting, reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

    e.    facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets; and,

    f.    knowingly using the TracFone/NET10/Straight Talk/SafeLink Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone/NET10/Straight Talk/SafeLink Trademarks, without TracFone's prior written authorization.

12.    The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction or the parties' settlement.

13.    If any defendant to this action violates the terms of this Permanent Injunction TracFone shall be entitled to file an Affidavit or Declaration of Violation requesting that the

Court order the payment of compensatory damages to TracFone in the amount of Five Thousand Dollars and No Cents ($5,000.00 (U.S.)) for each Phone purchased, sold, unlocked, reflashed, altered, rekitted, advertised, solicited and/or shipped in violation of the Permanent Injunction, or a single damages award of One Million Dollars and No Cents ($1,000,000.00 (U.S.)), whichever is greater. TracFone shall provide at least five (5) working days notice to Defendants after filing an Affidavit or Declaration of Violation. The Court finds that any amounts awarded under this paragraph are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event a Defendant violates the terms of this Permanent Injunction.

14. The last known address of Defendant, CellNet7, Inc. is 2160 Northwest 82nd Avenue, Doral, Florida 33122.

15. The last known address of Defendant, Natalia Sierra is 1455 Northwest 107th Avenue, #K195, Miami, Florida 33172.

16. The last known address of Defendant, Ihosvany Diaz is 1455 Northwest 107th Avenue, #K195, Miami, Florida 33172.

17. The address of Plaintiff, TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

18. This case remains pending against the other defendants named in TracFone's Complaint.

19. The Court finds that there is no just reason for delay of the entry of judgment against Defendants, Natalia Sierra and Ihosvany Diaz, individually, and therefore, pursuant to Fed. R. Civ. P. 54(b), directs the Clerk to enter Judgment as set forth herein.

**DONE AND ORDERED** in Miami, this 19 day of January, 2010.

_/s/ James Lawrence_

16150375.4                                       8

                                **UNITED STATES DISTRICT JUDGE**

Copies furnished to: All *pro se* parties and counsel of record